IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:18-CR-353 (FJS) |
|  | ) |  |
|  | ) | GOVERNMENT'S MOTION FOR |
| v. | ) | PROTECTIVE ORDER PURSUANT |
|  | ) | TO FED. R. CRIM. P. 16(D)(1) |
| DAQUAN DOWDELL, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**A.  Introduction**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby moves the Court for a protective order pursuant to Fed. R. Crim. P. 16(d)(1), limiting the disclosure of materials produced as discovery stamped "Protected Materials" that may tend to identify witnesses in this case (hereinafter, the "Protected Materials").  A proposed protective order is attached hereto as Exhibit A.

In order to allow the disclosure of materials pursuant to NDNY Local Rule Cr. P. 14.1, the government respectfully requests that the Court order that any materials produced by the government in discovery not be disseminated or disclosed by defense counsel to anyone other than the defendant and members of the defense team.  The government further respectfully requests that the Court order the following additional restrictions for any materials designated as Protected Materials.  First, any incarcerated defendant shall not be permitted to maintain a physical copy of the Protected Materials while incarcerated.  Second, any portions of motions or applications referring to the Protected Materials must be filed under seal.

B.      **Argument**

Given the nature of the charges alleged in the indictment, there are clearly serious risks to witness safety inherent in the case.  The indictment alleges the defendants' participation in a violent gang that has engaged in murders and assaults.  Accordingly, public disclosure of the discovery in this case could place witnesses at risk.  In addition, certain records that are to be provided during discovery contain sensitive, non-public information about victims and others who were not involved in the criminal conduct.  It is appropriate to maintain restrictions on the public dissemination of such materials.

The authority for the types of restrictions requested in this motion is well settled.  As one court in this Circuit recently explained:

> Rule 16(d)(1) provides, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Rule "authorizes the district court to limit or otherwise regulate discovery had pursuant to the Rule." *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir.1991). "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger or perjury or witness intimidation...." Fed.R.Crim.P. 16, Advisory Committee Notes, 1966 Amendment. "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed.R.Crim.P. 16, Advisory Committee Notes, 1974 Amendment.
>
> On this authority, courts commonly approve of redactions of Rule 16 material or similar means of protecting witness identity. *See United States v. Fort*, 472 F.3d 1106, 1121 (9th Cir.2007) (approving of "the government's disclosure of redacted copies of local police reports [sought under Rule 16], where the redactions were consistent and supported by an articulated intention to protect witness identities in the context of a case in which the district court has already found a serious risk of harm to witnesses." ); *United States v. Pelton*, 578 F.2d 701, 706 (8th Cir.1978) (approving the district court's decision to deny defendants access to non-exculpatory tapes of conversations under Rule 16(d)(1) in order to safeguard the safety of cooperating witnesses); *United States v. Santiago*, 174 F.Supp.2d 16, 32, 36 (S.D.N.Y.2001) (in multi-defendant case involving "violent *263 narcotics trafficking enterprise" in the Bronx, requiring, under Rule 16, disclosure of a clearer copy of the photo array that resulted in defendant's identification, but permitting Government not to disclose identity of witness who identified him); *United States v. Bin Laden*, No. 98 Cr. 1023(LBS), 2001 WL 66314, at *1 (S.D.N.Y. Jan. 26,

2001) (ordering production of Rule 16 material, but subject to redactions to prevent disclosure of identity of government witnesses and, "upon credible showing of danger," of non-witnesses); *cf. Roviaro v. United States*, 353 U.S. 53, 59–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (affirming "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," while recognizing that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way ... [and] the trial court may require disclosure."); *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987) (although defendant has no right to list of government witnesses, a district court may in its discretion order the government to produce such a list, and may take into account concerns about witness safety). The same consideration of witness safety has been held to justify deferred production of § 3500 material. *United States v. Remire*, 400 F.Supp.2d 627, 633 (S.D.N.Y.2005) ("[C]ourts in this circuit are especially reluctant to require the disclosure of witness lists in cases such as this one that involve allegations of crimes of violence."); *United States v. Robles*, No. 04 Cr. 1036(GEL), 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005) (the disclosure of a witness list "is particularly inappropriate in this case, which involves charges of violent crimes, where the witnesses will include cooperating individuals and victims.").

*United States v. Urena*, 989 F.Supp.2d 253, 262-63 (S.D.N.Y. 2013).

Moreover, the Government submits that it is imperative that any defendant who is incarcerated not be permitted to maintain a copy of any of the Protected Materials with him while incarcerated. As a practical matter, it is virtually impossible to maintain documents in secret at a correctional facility. If other inmates gained access to the Protected Materials, it would almost certainly place witnesses at risk.

Respectfully submitted this 6th day of November 2018.


GRANT C. JAQUITH
United States Attorney

*/s/ Nicolas Commandeur*

_____

Nicolas Commandeur
Assistant U.S. Attorney
Bar Number 518984